Judge Hitchcock,
dissentient:
Whether a mortgage be an executory or an executed contract is not a question necessarily involved in the decision of *this case. If it were, there would probably be some difference of opinion in the court.
This is a proceeding under the act of January 2,1810, “providing for the recovery of money secured by mortgage.” The rules prescribed by that statute must govern the case. At the close of section 1, it is provided, that “ upon the return of the scire facias it shall be lawful for the defendant or defendants to come in and plead payment, or satisfaction for all or any part of the money demanded by the plaintiff or plaintiffs, or any other legal plea in bar, or avoidance of the deed or money therein demanded, as the case may require, and thereon the parties shall proceed to issue and trial as in other cases. 1 C. S. 645. From this I infer that the legislature intended, that to a scire facias upon mortgage, the defendant, notwithstanding the form of security and of action, might plead any plea which would operate as a bar to a suit brought upon the instrument, to secure the payment or performance of which the mortgage was executed. This is the only rational construction, as it seems to me, which can be given to this clause of the statute.
*81 The simple question then is, whether the facts, stated in this plea are sufficient to bar an ordinary suit brought for the recovery of the money, to secure the payment of which this mortgage was executed. This question was fully considered in a case between these same parties, 4 Ohio, 400, in which it was held that facts similar to those here pleaded constituted a bar to an action upon a promissory note. "Upon the authority of that case, taken in connection with the statute'before referred to, I am induced to concur in the opinion that the motion tor a new trial be overruled.